**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MOI JIN CHAI,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,[*]

    Respondent.

No. 20-9558
(Petition for Review)

_____

**ORDER AND JUDGMENT[**]**
_____

Before **CARSON**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

Moi Jin Chai, appearing pro se, applied for asylum, withholding of removal,

and relief under the Convention Against Torture (CAT) based on her race and

religious background.  Chai, a native and citizen of Malaysia, is ethnically Chinese

and practiced Buddhism.  The Board of Immigration Appeals (BIA) affirmed the

---

[*] Pursuant to Fed. R. App. P. 43(c)(2) William P. Barr is replaced by Merrick B. Garland as the respondent in this appeal.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Immigration Judge's (IJ) denial of relief and Chai petitions for review. Our jurisdiction arises under 8 U.S.C. § 1252(a)(5). We deny the petition for review.

I.

Chai grew up speaking Chinese and practiced Buddhism with her parents in Malaysia. In 1985, Malay police officers demolished a Buddhist statue inside her parents store and beat her father causing injuries and hospitalization. Because the assailants were police officers, Chai did not report the incident. In 1988, Chai dropped out of high school to help her mother with the store. That year, the Malay police "ransacked" the store and a Muslim officer named "Mike" molested Chai in the changing room. In 1990, Mike returned and raped Chai in his car. Mike continued to visit one to two times per month to rape her until 2010. Chai claims that Mike targeted her because of her Chinese ethnicity. She posits that Mike knew Chinese people are "very afraid of speaking up." Mike never said that he harmed her because of her race or religion.

Chai stayed in Malaysia until 2010, when she resettled in Singapore. Chai had a two-year work visa in Singapore providing her with legal residence. Although Chai could have renewed her Singapore visa every two years, she moved to the United States instead.

After entering the United States, Chai overstayed her nonimmigrant visa and the Department of Homeland Security filed a Notice to Appear. Chai admitted overstaying her visa and the immigration court assigned Malaysia as the country of removal. Chai then applied for asylum, withholding of removal, and protection under

2

CAT. She claimed that Mike harmed her because of her race and religion. The IJ denied all forms of relief determining that: (1) Chai was not credible; (2) the alleged past persecution lacked a protected ground; (3) she had resettled in Singapore; and (4) she failed to show evidence of torture if returned to Malaysia. The IJ explained that Mike never mentioned Chai's race or religion during the assaults and that the assaults likely occurred because of Mike's criminal propensities rather than Chai's race or religion. Chai then appealed to the BIA contending that she sufficiently established a protected ground because Mike harmed her on account of her race. The BIA concluded that Chai did not establish a nexus to a protected ground and denied the petition for review. The BIA declined to address the IJ's other bases for denial including the credibility determination and deemed the CAT issue waived because of an insufficient challenge.[1] Chai timely petitioned the BIA's denial of her asylum and withholding of removal claims for review.

## II.

When a single board member issues a brief order under Section 1003.1(e)(5), we consider that order as the final agency determination and we limit our review to the issues addressed in it. Sidabutar v. Gonzales, 503 F.3d 1116, 1123 (10th Cir. 2007). So we do

---

[1] Chai mentions the CAT issue in her brief but presents no argument to challenge the BIA's opinion. We therefore conclude Petitioner waived her CAT argument. See Kabba v. Mukasey, 530 F.3d 1239, 1248 (10th Cir. 2008) (holding that a petitioner waives issue when insufficiently raised in the opening brief).

not consider grounds relied on by the IJ unless the BIA affirms on those grounds.[2] Rivera-Barrientos v. Holder, 666 F.3d 641, 645 (10th Cir. 2012).  We review the BIA's legal conclusions de novo and its factual findings under the substantial evidence standard. Elzour v. Ashcroft, 378 F.3d 1143, 1150 (10th Cir. 2004).  Our review is highly deferential under the substantial evidence standard.  Wiransane v. Ashcroft, 366 F.3d 889, 897 (10th Cir. 2004).  We consider the administrative findings of fact conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.  8 U.S.C. §§ 1252(b)(4)(B).

## III.

To be eligible for asylum, Chai must establish that she satisfies the definition of refugee.  8 U.S.C. § 1158(b)(1)(A).  A refugee is unable or unwilling to return to her country of origin because of persecution or a well-founded fear of persecution on account of a protected ground — i.e. race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1101(a)(42)(A).  Thus without persecution because of a protected ground, an applicant does not satisfy the statutory definition of refugee and cannot seek asylum.

Chai contends that Mike harmed her on account of her race because Chinese people are "afraid to speak up."  But Chai's testimony states that Mike never mentioned race or religion as motivation for the assaults.  See Niang v. Gonzales, 422 F.3d 1187, 1200 (10th Cir. 2005) (holding that a refugee's protected characteristic must be a central

---

[2] Because the BIA did not rely on the IJ's credibility determination, we will not address it in our analysis.

4

motivation of the persecutor's actions against the victim to establish a nexus to a protected ground). Instead, Mike repeatedly told her that she could not have other sexual partners. Without a connection between the harm and a protected ground distinguishing the acts from common criminality, there is no eligibility for asylum. See Vatulev v. Ashcroft, 354 F.3d 1207, 1209 (10th Cir. 2003) (holding that evidence of actual violence without any association of ethnic persecution does not distinguish the acts from common criminality necessary to establish asylum eligibility). Chai also contends that Mike harmed her because of her religion based on the attack on her parents store in 1985, seemingly for their Buddhists beliefs. Chai does not support this speculation with evidence connecting this incident to her later assaults, so the argument lacks the motive necessary to establish a protected ground. Niang v. Gonzales, 422 F.3d at 1200. Because Chai presents no evidence that the assaults occurred because of her race or ethnicity, we agree with the BIA that she cannot meet her burden and is not eligible for asylum. Vatulev, 354 F.3d at 1209.

When an applicant "fails to satisfy the lower burden of proof required for asylum, [s]he also fails to satisfy the higher standard of eligibility for withholding of removal." Zhi Wei Pang v. Holder, 665 F.3d 1226, 1234 (10th Cir. 2012). Because Chai fails to

establish a protected ground required for asylum, she also fails to satisfy the requirements for withholding of removal.

We deny Chai's petition for review.

Entered for the Court


Joel M. Carson III
Circuit Judge